# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CHARLES HENDERSON TIGNER, IV,  )  <br>　　Plaintiff,　　　　　　　　　　) <br>　　　　　　　　　　　　　　　　　) <br> v.　　　　　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　　　) <br> CITY OF MEMPHIS, MEMPHIS POLICE ) <br> DEPARTMENT, BOB FRANKLIN, and　) <br> TIN ROOF,　　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　　　) <br>　　Defendants.　　　　　　　　　　) | No. 2:23-cv-02555-SHL-cgc |

### ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING COMPLAINT WITH PREJUDICE, AND CERTIFYING THAT AN APPEAL <u>IN FORMA PAUPERIS</u> WOULD NOT BE TAKEN IN GOOD FAITH

　　Before the Court is Magistrate Judge Charmiane Claxton's Report and Recommendation ("R&R"), entered on January 24, 2024, recommending that the Court dismiss with prejudice Plaintiff Charles Henderson Tigner, IV's <u>pro se</u> Complaint (ECF No. 1), because it fails to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii).  (ECF No. 6 at PageID 17.)

　　A magistrate judge may submit to a district court judge proposed findings of fact and recommendations that assist in the determination of certain pretrial matters.  28 U.S.C. § 636(b)(1)(A)–(B).  Parties can file objections to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); <u>see also</u> 28 U.S.C. § 636(b)(1)(C).  A district court reviews <u>de novo</u> only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee notes.

The R&R was entered on January 24, 2024.  (ECF No. 6.)  More than fourteen days have now passed since Tigner was served with the R&R, and he has filed no objections to the R&R.

Since no objections have been filed, the Court reviews the R&R in its entirety for clear error and finds none.  The R&R correctly describes how Tigner's Complaint improperly asserts 42 U.S.C. § 1983 claims against two Parties—Tin Roof and Bob Franklin—who are not alleged to be state actors.  (Id. at PageID 18.)  Furthermore, Tigner's claims against the City of Memphis and the Memphis Police Department are based on an alleged failure to investigate for which there is no inherent protection under the Constitution and laws of the United States.  (Id. at PageID 19.)  Because Tigner is proceeding in forma pauperis, he is subject to the screening requirements of 28 U.S.C. § 1915 (e)(2)(B)(ii), which necessitate dismissal of an action that fails to state a claim upon which relief may be granted.

Therefore, the Court **ADOPTS** the Magistrate Judge's R&R, **DISMISSES WITH PREJUDICE** Tigner's Complaint, **CERTIFIES** that any potential appeal in this matter by Tigner would not be taken in good faith, and **ORDERS** that Tigner may not proceed in forma pauperis on any potential appeal.

**IT IS SO ORDERED**, this 21st day of February, 2024.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE